UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MICHAEL BRAVERMAN, individually,

    Plaintiff,

v.

STELLAR RECOVERY, INC.,               **JURY DEMAND**
a Florida corporation,

    Defendant.
_____/

## **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1. Plaintiff MICHAEL BRAVERMAN alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") against Defendant STELLAR RECOVERY, INC. Plaintiff alleges that Defendants incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

## **JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff MICHAEL BRAVERMAN is a natural person and a citizen of the State of Florida, residing in Miami-Dade County, Florida. Said Plaintiff is the cellular subscriber and has dominion over the cellular telephone that Defendants were calling.

6. Defendant STELLAR RECOVERY, INC. ("Stellar Recovery") is a debt buyer that purchases charged-off debts from creditors and pursues these debts from consumers and operates from principal offices located at 4500 Salisbury Road Suite 105, Jacksonville, FL 32216; Plaintiff further alleges that Stellar Recovery is a citizen of the State of Florida.

## FACTUAL ALLEGATIONS

7. Prior to the commencement of this action, Plaintiff began receiving automated telephone calls on his cellular telephone from Defendant Stellar Recovery.

8. Upon answering any of these calls, the Plaintiff was greeted by an automated, machine-operated voice that asked him to "please stay on the line if this is Michael Braverman."

9. Upon speaking to a live operator, or upon returning the telephone call, the caller advised that the call was made on behalf of Defendant Stellar Recovery in an effort to collect the balance owed by the Plaintiff.

10. The Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).

11. In sum, the Defendant made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

12. Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

13. Plaintiff incorporates paragraphs 1 through 12 herein.

14. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff MICHAEL BRAVERMAN, requests that the Court enter judgment in favor of Plaintiff and against Defendants STELLAR RECOVERY, INC. for:

   a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

   b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

   c. a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

   e. litigation expenses and costs of the instant suit; and

  f. such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 10th day of July, 2013.

>BRET L. LUSSKIN, Esq.
>*Attorney for Plaintiff*
>1001 N. Federal Hwy., Ste 106
>Hallandale Beach, Florida 33009
>Telephone: (954) 454-5841
>Facsimile: (954) 454-5844
>blusskin@lusskinlaw.com
>
>By: /s/ Bret L. Lusskin, Esq.
>  Bret L. Lusskin, Esq.
>  Florida Bar No. 28069